**PHILLIPS DAYES LAW GROUP PC**
**ATTORNEYS AT LAW**
**Suite 1500**
**3101 North Central Avenue**
**Phoenix, Arizona 85012**
**(602) 288-1610**
minute_entries@phillipslaw.com

TREY DAYES (Arizona Bar No. 020805)
treyd@phillipsdayeslaw.com
DAWN SAUER (Arizona Bar No. 030271)
dawns@phillipsdayeslaw.com
JOHN L. COLLINS (Arizona Bar No. 030351)
johnc@phillipsdayeslaw.com
SEAN DAVIS (Arizona Bar No. 030754)
seand@philipsdayeslaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Waterstreet;<br><br>Plaintiff,<br><br>vs.<br><br>Schenker Logistics, Inc., d/b/a DB Schenker, a foreign corporation;<br><br>Defendant. | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff brings this action for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

## **NATURE OF THE CASE**

---

Complaint and Demand for Jury Trial                                                                                                    Page 1

Plaintiff Lisa Waterstreet seeks relief from Defendant's discriminatory conduct, discriminating against Plaintiff because of her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

1. In addition, Defendant discriminated against Plaintiff on the basis of her age in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. §§ 626(c), 633, and 42 U.S.C. § 2000e-5.

3. All conditions precedent to jurisdiction under 42 U.S.C. § 2000e-5 have been met. Specifically, Plaintiff timely filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII and of the ADEA. Plaintiff received a notice of right to sue Defendant. She commenced this action within ninety (90) days after receiving the notice of right to sue.

4. Defendant, by virtue of its own acts and omissions or by virtue of the acts and omissions of one or more of its agents, employees, or representatives, has conducted business or caused events to occur within the District of Arizona, and within Maricopa County, Arizona, giving rise to both subject matter and personal jurisdiction of this Court.

5. Venue is proper in the District of Arizona pursuant to 8 U.S.C. § 1391(b) because all of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

6. Plaintiff Lisa Waterstreet is an individual residing in Maricopa County, Arizona.

7. Defendant Schenker Logistics, Inc., is a corporation organized under the laws of the State of North Carolina, doing business in Maricopa County, Arizona, as DB Schenker, and is subject to the jurisdiction of this Court.

8. Defendant is engaged in interstate and international shipment of goods and materials. It was Plaintiff's "employer" for all purposes, including Title VII, within the meaning of 42 U.S.C. § 2000e(b), and the ADEA, within the meaning of 29 U.S.C. § 630(f).

9. At all relevant times, Plaintiff was a member of a class of individuals protected by Title VII. Specifically, Plaintiff is a woman.

10. At all relevant times, Plaintiff was over the age of forty years and is a member of the individuals protected by the ADEA, 29 U.S.C. § 631.

## GENERAL FACTUAL ALLEGATIONS

11. Defendants hired Plaintiff to work in its mail and distribution division in a facility in Dupont, Washington, in September 2006.

12. During her employment at the Dupont facility, Defendants promoted Plaintiff to a lead position including a lengthy and extended assignment as acting supervisor.

13. When her family moved to the Phoenix, Arizona, area, Plaintiff applied to transfer her employment to Defendant's Ocotillo facility in Chandler, Arizona, and Defendants made Plaintiff a shipper.

14. As a shipper, Plaintiff worked alongside a number of temporary workers, including a young male, below forty years in age.

15. Defendant continually and consistently showed the young, male, temporary employee favoritism in his employment.

16. Defendant failed and refused to provide Plaintiff with appropriate and necessary training in her job responsibilities, although they provided the young, male, temporary employee with such training.

17. Defendant assigned to Plaintiff less desirable job duties and provided better work opportunities and experiences to the young, male, temporary employee.

18. In 2012, Defendant provided Plaintiff with an annual review and performance evaluation and indicated that Plaintiff was performing well, and even exceeding expectations in her job performance.

19. In June 2012, the lead position in the shipping department at Defendant's Ocotillo facility was open. Plaintiff expressed her desire for the position to the General Manager but was not given the opportunity to apply.

20. Defendant did not hire Plaintiff for the job opening, instead hiring a young man, under the age of forty years, who had no prior shipping or supervisory experience.

21. Later, Plaintiff applied for a lead position in the stores department.

22. Despite Plaintiff's supervisory experience, Defendant again rejected her application, instead opting for a young man, under the age of forty years, who had no prior stores or supervisory experience.

23. Then Plaintiff applied for an administrative position for Defendant.

24. Defendant hired a young man, under the age of forty years, for this position.

25. In rejecting Plaintiff's application for the administrative position, Defendant cited to a lack of experience with the computer program Excel. However, Plaintiff had attended several training courses on Excel sponsored by Defendant.

26. At Plaintiff's next performance review, in February 2013, Defendant again indicated that Plaintiff's performance exceed expectations.

27. In March 2013, Plaintiff filed an internal complaint regarding the discrimination to which her coworkers and supervisors were subjecting her based on her gender and on her age.

28. Defendant terminated Plaintiff within three weeks.

29. Defendant discriminated against Plaintiff on the bases of her gender and age in violation of Title VII and the ADEA.

30. In addition, Defendant retaliated against Plaintiff based on her protected conduct, making an internal report of discrimination, in violation of Title VII and the ADEA.

31. Plaintiff has retained the law firm of Phillips Dayes Law Group P.C. to represent her in this matter and has agreed to pay costs and a reasonable attorneys' fee in the prosecution of this matter, for which she is entitled to recover.

**COUNT ONE**
**SEX DISCRIMINATION**
**(Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*)**

32. Plaintiff incorporates and adopts paragraphs 1 through 32 above as if fully set forth herein.

33. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII as a result of the discriminatory and hostile work environment created by Defendant and its employees.

34. Title VII provides that it is an unlawful employment practice for an employer:

> [T]o fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1).

35. Title VII further provides, that it is an unlawful employment practice for an employer:

> [T]o limit, segregate or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(2).

36. Plaintiff is a female and is a member of a protected class of individuals entitled to the protections of Title VII.

37. Defendant has engaged in unlawful discrimination and unlawful employment practices prohibited by 42 U.S.C. §§ 2000e-2(a)(1), (2) including, but not limited to:

    a. Treating Plaintiff less favorably than similarly situated male employees in the terms and conditions of her employment, including, but not limited to, limiting Plaintiff's training and work opportunities solely because of Plaintiff's sex; and

    b. Creating a hostile work environment because of Plaintiff's sex, which was severe or pervasive to an extent that it substantially altered the

terms and conditions of her employment.

38. Plaintiff's sex was the sole or motivating factor in Defendant's treatment of Plaintiff.

39. Plaintiff was treated less favorably than her male co-workers and was subject to a continuing hostile work environment.

40. As a direct result of the hostile work environment, Plaintiff has suffered mental and emotional distress, pain and suffering, anger, depression, anxiety, humiliation, and embarrassment.

41. Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

42. Plaintiff has suffered damages and economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses, and monetary loss, as well as non-economic damages, all of which she is entitled to recover from Defendant plus pre-judgment interest, attorneys' fees, and costs.

43. Defendant engaged in conduct in reckless indifference to Plaintiff's federally protected rights, so Plaintiff is entitled to recover punitive damages.

44. Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C., to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, and against Defendant, as follows:

A. Awarding Plaintiff damages for her back pay, front pay, lost compensation and benefits, and other relief to be determined by the trier of fact;

B. Awarding Plaintiff economic and non-economic damages in an amount to be

      determined by the trier of fact;

C. Awarding Plaintiff special, incidental, and consequential damages in an amount to be determined by the trier of fact;

D. Awarding Plaintiff punitive and exemplary damages in an amount to be determined by the trier of fact;

E. Awarding Plaintiff pre-judgment and post-judgment interest;

F. Awarding Plaintiff attorneys' fees and costs; and

G. Awarding Plaintiff such other and further relief as the Court deems just and equitable under the circumstances.

### COUNT TWO
### AGE DISCRIMINATION
### (29 U.S.C. § 621 *et seq.*)

45. Plaintiff incorporates and adopts paragraphs 1 through 45 above as if fully set forth herein.

46. Pursuant to the terms of the ADEA, an employer may not "discharge any individual or . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a).

47. Plaintiff was and is an individual protected by the provisions of the ADEA.

48. Defendant violated the ADEA by discriminating against Plaintiff with respect to the terms and conditions of her employment and by terminating Plaintiff because of her age.

49. As a result of Defendant's violation of the ADEA, Plaintiff is an "aggrieved person" with the meaning of 29 U.S.C. § 626. Plaintiff has suffered damages for which she is entitled to legal and equitable relief as provided by the ADEA. *See* 29 U.S.C. §

626(b), (c); 29 U.S.C. § 216.

50. As a result of the foregoing, Plaintiff is entitled to legal and equitable relief, including compensatory damages sufficient to make Plaintiff whole for all losses suffered as a result of Defendant's unlawful discrimination, liquidated damages, and the restoration of her employment, all seniority, pension, and other benefits she would have had but for the unlawful discrimination, as necessary and appropriate relief to effectuate the purposes of the ADEA.

51. On information and belief, Defendant's violations of the ADEA were willful so as to subject Defendant to liability for liquidated damages under 29 U.S.C. § 626(b) and 29 U.S.C. § 216 in an amount equal to Plaintiff's monetary damages.

52. By virtue of one, more, or all of the foregoing violations of the ADEA as alleged above, Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay.

53. By virtue of one, or all of the foregoing violations of the ADEA as alleged above, Plaintiff has been damaged and has suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss, as well as non-economic damages, all of which she is entitled to recover from Defendant plus pre-judgment interest, attorneys' fees, and costs.

54. On information and belief, Defendant engaged in its conduct in reckless indifference to Plaintiff's federally protected rights, and Plaintiff is therefore entitled to recover punitive and exemplary damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, and against Defendants, as follows:

A. Awarding Plaintiff damages for her back pay, front pay, lost compensation and

benefits, and other relief to be determined by the trier of fact;

B. Awarding Plaintiff economic and non-economic damages in an amount to be determined by the trier of fact;

C. Awarding Plaintiff special, incidental, and consequential damages in an amount to be determined by the trier of fact;

D. Awarding Plaintiff punitive and exemplary damages in an amount to be determined by the trier of fact;

E. Awarding Plaintiff pre-judgment and post-judgment interest;

F. Awarding Plaintiff attorneys' fees and costs pursuant to 29 U.S.C. §§ 216(b), 626(b); and

G. Awarding Plaintiff such other and further relief as the Court deems just and equitable under the circumstances.

**COUNT THREE**
**RETALIATION**
**(Violation of Title VII, 42 U.S.C § 2000e-3(a);**
**Violation of the ADEA, 29 U.S.C. § 623(d))**

55. Plaintiff incorporates and adopts paragraphs 1 through 55 above as if fully set forth herein.

56. Title VII provides in pertinent part that:

> [I]t shall be an unlawful employment practice for an employer to discriminate against any of his employees… because he has opposed any practice made an unlawful employment practice by [Title VII] . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].

42 U.S.C § 2000e-3(a).

57. Similarly, the ADEA prohibits retaliation by employers against employees

reporting statutory violations as follows:

> It shall be unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by [the ADEA], or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under [the ADEA].

29 U.S.C. § 623(d).

58. Plaintiff has opposed practices made unlawful by Title VII and by the ADEA or has participated in activities protected by Title VII and by the ADEA and is entitled to the protection of Title VII and the ADEA for those activities, including, but not limited to, making internal complaints of unlawful discrimination and harassment.

59. After Plaintiff engaged in activity prohibited by Title VII and by the ADEA, such as making internal complaints, Defendant retaliated against her and engaged in other unlawful employment practices prohibited by 42 U.S.C. §§ 2000e-3(a) and by 29 U.S.C. § 623(d), including, but not limited to, one or more of the following acts or omissions:

    a. Treating Plaintiff less favorably than similarly situated employees of different gender in the terms and conditions of her employment, including, but not limited to, creating and permitting a severe or pervasive hostile work environment solely because of Plaintiff's gender;

    b. Treating Plaintiff less favorably than similarly situated employees who are younger than the age of forty in the terms and conditions of her employment; and

    c. Evaluating Plaintiff using a more rigorous or arbitrary standard.

60. Defendant retaliated against Plaintiff after she made complaints to her

supervisors, General Manager, and HR Department regarding the hostile and discriminatory work environment.

61. As a direct result of her complaint of unlawful discrimination, Plaintiff has been subjected to a more rigorous and arbitrary standard of performance evaluation and was terminated.

62. As a direct result of the retaliatory action by Defendant, Plaintiff has suffered damage to her career, mental and emotional stress, pain and suffering, anger, depression, anxiety, humiliation and embarrassment.

63. By virtue of one or all of the foregoing violations of Title VII and of the ADEA as alleged above, Plaintiff has suffered damages and economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages, all of which she is entitled to recover from Defendant plus pre-judgment interest, attorneys' fees and costs.

64. Defendant engaged in conduct in reckless indifference to Plaintiff's federally protected rights, so Plaintiff is entitled to recover punitive damages.

65. Plaintiff has retained the law firm of Phillips Dayes Law Group, P.C., to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor, and against Defendant, as follows:

A. Awarding Plaintiff damages for her back pay, front pay, lost compensation and benefits, and other relief to be determined by the trier of fact;

B. Awarding Plaintiff economic and non-economic damages in an amount to be determined by the trier of fact;

C. Awarding Plaintiff special, incidental, and consequential damages in an amount to be determined by the trier of fact;

D. Awarding Plaintiff punitive and exemplary damages in an amount to be determined by the trier of fact;

E. Awarding Plaintiff pre-judgment and post-judgment interest;

F. Awarding Plaintiff attorneys' fees and costs pursuant to 29 U.S.C. §§ 216(b), 626(b); and

G. Awarding Plaintiff such other and further relief as the Court deems just and equitable under the circumstances.

## COUNT FOUR
## DECLARATORY JUDGMENT

66. Plaintiff incorporates and adopts paragraphs 1 through 31 above as if fully set forth herein.

67. Plaintiff and Defendant have an employment dispute pending pursuant to Title VII and the ADEA.

68. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201–02.

69. Plaintiff is entitled to declarations, and respectfully requests that the Court make declarations as the following matters and as to other matters deemed appropriate by the Court:

   a. Plaintiff was an employee entitled to the protections of Title VII and the ADEA;

   b. Defendant is an employer subject to the requirements of Title VII and the ADEA;

   c. Defendant employed Plaintiff;

       d. Plaintiff is a member of a protected class;

       e. Defendant discriminated against Plaintiff on the basis of her gender or age;

       f. Defendant is liable to Plaintiff for compensatory, economic, non-economic, general, special, incidental, punitive, and other such categories of damages as a result of its willful, reckless, and intentional conduct;

       g. Defendant is liable to Plaintiff for back pay, front pay, lost benefits, and other such measures of damages;

       h. Defendant's conduct, individually and through its officers, agents, and employees, was extreme and outrageous; and

       i. Plaintiff is entitled to recover her costs and attorneys' fees incurred in this action.

70. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue and preventing future harm.

71. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

A. Declaring, pursuant to 28 U.S.C. § 2201, that the acts and practices complained of herein are in violation of Federal law;

B. Awarding Plaintiff her reasonable attorneys' fees and the costs and expenses of the litigation; and

C.  Awarding Plaintiff such other and further relief, pursuant to 28 U.S.C. § 2202, as the Court deems just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:  April 10, 2014

                                                    Respectfully submitted,

                                                   **PHILLIPS DAYES LAW GROUP PC**

                                                   By: */s/ John L. Collins*
                                                   John L. Collins, Esq.
                                                   Attorney for Plaintiff